UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ERNESTO F. AHUMADA

VERSUS

BELCHER MANAGEMENT, LLC,
ET AL

CIVIL ACTION

NUMBER 12-685-SDD-SCR

**RULING ON MOTION TO COMPEL DISCOVERY OR DISMISS**

Before the court is a Motion to Compel or, Alternatively, Motion to Dismiss filed by defendants Belcher Management, LLC, Turnberry Place, LLC, Alicia Belcher, and Lance B. Belcher. Record document number 26. The motion is opposed by the plaintiff Ernesto F. Ahumada.[1]

Defendants filed this discovery motion to compel the plaintiff to provide answers and responses to their initial discovery requests. Defendants served their discovery on August 8, 2013, therefore, the plaintiff's responses were due by September 8. When the plaintiff failed to timely serve responses the defendants filed this motion on September 25.

Plaintiff explained in his opposition that the discovery responses were delayed because of the parties' agreement to address

---

[1] Record document number 28. Defendants filed a reply memorandum. Record document number 31.
   The parties argued about compliance with the "attempt to confer" requirement of Rule 37(a)(1), Fed.R.Civ.P. The record does not support denying the defendants' motion on this ground.

jurisdiction first.² Plaintiff argued that the motion is now moot since he responded to the discovery on September 30. In their reply memorandum the defendants acknowledged receiving the plaintiff's September 30 responses, but argued that the motion is not moot because the plaintiff's answers to Interrogatory Numbers 6 and 13 were deficient – plaintiff did not provide the addresses and phone numbers for the employers and individuals he identified.

Given the background of this motion and the answers and responses provided by the plaintiff on September 30,³ there is clearly no basis to dismiss the plaintiff's claims for failure to cooperate in discovery.⁴ However, the plaintiff will be required to correct the insufficiencies noted by the defendants in their reply memorandum, that is, provide the addresses and telephone numbers for the employers and individuals identified in the answers to Interrogatory Numbers 6 and 13.

In their reply memorandum the defendants requested they be allowed to take additional depositions if their forthcoming summary

---

² The parties' Joint Motion to Limit Discovery was denied on September 20, 2013.  Record document number 25.

³ The memoranda show that the motion was not filed earlier, and the plaintiff did not provide his discovery responses sooner, because of the parties' informal agreement to limit discovery to jurisdictional issues.

⁴ *See*, *Batson v. Neal Spelce Associates, Inc.*, 765 F.2d 511, 515 (5th Cir. 1985), *aff'd,* 805 F.2d 546 (5th Cir. 1986)(Rule 37(b) and (d) dismissal with prejudice as a sanction is a remedy of last resort only to be applied in extreme circumstances).

judgment motion is not granted. Defendants stated that the request is based on the fact that the plaintiff did not provide answers and responses until the last day for the completion of fact discovery. This motion to compel is not the proper avenue for such a request. Any request for time to conduct additional discovery must be made under Rule 16(b)(4), Fed.R.Civ.P.

Accordingly, the Motion to Compel or, Alternatively, Motion to Dismiss filed by defendants Belcher Management, LLC, Turnberry Place, LLC, Alicia Belcher, and Lance B. Belcher, is granted in part. Within 14 days, plaintiff Ernesto F. Ahumada shall provide supplemental answers to defendants' Interrogatory Numbers 6 and 13. The remaining aspects of the defendants' motion are denied.

Under Rule 37(a)(5), the parties shall bear the respective costs incurred in connection with this motion.

Baton Rouge, Louisiana, October 28, 2013.

*Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE